UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-CR-20058 |
| ) | |
| JACOBIE THOMAS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on Defendant's pro se Motion for a Reduction in Sentence based on the Fair Sentencing Act (#26) and the Motion to Withdraw (#27) filed by his appointed counsel, Michael J. Zopf.  Following this court's careful analysis, the Motion to Withdraw (#27) is GRANTED and Defendant's pro se Motion (#26) is DENIED.

## BACKGROUND

On August 4, 2009, Defendant, Jacobie Thomas, was charged by indictment (#7) with the offense of knowingly distributing five grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance.  On November 18, 2009, Defendant pled guilty to the charge pursuant to a written plea agreement (#12).  On July 9, 2010, Defendant was sentenced to a term of 200 months in the Federal Bureau of Prisons.

On December 21, 2011, Defendant filed a pro se Motion for Reduction in Sentence (#22) based upon the retroactive amendment to the sentencing guidelines.  This court appointed the Federal Defender to represent Defendant regarding his Motion.  On January

9, 2012, the Federal Defender's office filed a Motion to Withdraw as Attorney (#23). Defendant's attorney stated that Defendant was not eligible for a reduction in his sentence because he was sentenced as a career offender. On January 18, 2012, this court entered an Order (#24) and granted Defendant's attorney's Motion to Withdraw. This court stated that Defendant was allowed to pursue the matter pro se. This court gave Defendant 30 days to file a pleading which either conceded that the 2011 retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing did not apply because he was sentenced as a career offender or explained why the 2011 retroactive amendment did in fact have the effect of lowering his sentence.

Defendant did not file a response to this court's Order. On April 5, 2012, this court entered an Order (#25) and denied Defendant's pro se Motion for a Reduction in Sentence (#22).

ANALYSIS

On August 9, 2012, Defendant filed a pro se Motion for Reduction in Sentence (#26) based upon the Fair Sentencing Act. Defendant asked this court to appoint Attorney Michael J. Zopf to represent him regarding his Motion. On August 10, 2012, this court entered a text order and appointed Attorney Zopf to represent Defendant.

On March 15, 2013, Attorney Zopf filed a Motion to Withdraw (#27). Attorney Zopf stated that he had determined that Defendant was not eligible for resentencing based upon Dorsey v. United States, 132 S. Ct. 2321 (2012). On March 21, 2013, this court entered a text order and directed the clerk to mail a copy of the Motion to Defendant. This court

allowed Defendant 30 days to file an objection to the Motion. Defendant has not filed an objection.

Following careful consideration, this court agrees with Attorney Zopf that Defendant is not entitled to a reduction in his sentence under the Fair Sentencing Act. In <u>Dorsey</u>, the Supreme Court held that the Fair Sentencing Act applied to defendants who were sentenced after August 3, 2010, the effective date of the Act. <u>Dorsey</u>, 132 S. Ct. at 2326. In this case, Defendant was sentenced on July 9, 2010, and the Fair Sentencing Act does not apply to him.

IT IS THEREFORE ORDERED THAT:

(1) Attorney Zopf's Motion to Withdraw (#27) is GRANTED.

(2) Defendant's pro se Motion for Reduction in Sentence (#26) is DENIED.

ENTERED this 25th day of April, 2013.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE